IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

             Plaintiff,     :     Case No. 3:13-cr-57
                                              (Also 3:14-cv-308)

                                              District Judge Timothy S. Black
     -  vs  -                          Magistrate Judge Michael R. Merz

ROBERT C. HENSLEY, JR.,

             Defendant.       :

---

## REPORT AND RECOMMENDATIONS

---

This is an action on a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 43). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

All actions under 28 U.S.C. §§ 2254 and 2255 are referred to the undersigned United States Magistrate Judge under the Dayton General Order of Assignment and Reference.

1

Defendant was indicted for being a felon in possession of a firearm (Doc. No. 14). He pled guilty to that charge pursuant to a Plea Agreement (Doc. No. 19) and was sentenced on that plea, after a presentence investigation, to sixty months confinement.  He now seeks relief from that judgment on two grounds:

> **Ground One:**  I'm challeging [sic] the fact of a 4 point inhancement [sic] that was not mentioned in my indictment.
>
> **Ground Two:**  My attorney mislead [sic] me in the worng [sic] direction when dealing with my plea agreement.  Had me singing [sic] documents which I didn't understand or agree with.  I fell [sic] my attorney was in incompetent [sic].  If he explained to me what was going on I would not have singed [sic] my Plea Agreement.

(Motion, Doc. No. 43, PageID 186-87.)

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances.  *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).  The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755. In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

Before Hensley pled guilty, he appeared before United States Magistrate Judge Michael J. Newman for a plea colloquy under Fed. R. Crim. P. 11.  The plea colloquy has been transcribed (Plea Transcript, Doc. No. 41).  Hensley consented to have the plea taken by a Magistrate Judge. *Id.* at PageID 154.  He said he understood he was pleading guilty to being a felon in possession of a firearm.  *Id.* at PageID 157-58.  He said he was fully satisfied with the representation which had been provided by his attorney, Patrick Flanagan.  *Id.* at PageID 158.  He said he understood the maximum penalties and that he could be sentenced to the maximum.  *Id.* at PageID 159.  He had discussed the Sentencing Guidelines with Mr. Flanagan and understood he could not be sentenced until Judge Black had calculated the advisory guideline range.  *Id.* at PageID 161-62.  He stated the written Plea Agreement represented the entire agreement he had with the Government.  *Id.* at PageID 167.  He swore no one had made any representations or promises to him other than those contained in the Plea Agreement.  *Id.* at PageID 168-69.  The Statement of Facts attached to the Plea Agreement contained a representation that marijuana had been found at Hensley's residence along with the firearms.  *Id.* at PageID 170.  Hensley admitted the truth of that Statement.  *Id.* at PageID 171.  Hensley said he understood the maximum penalty was ten years imprisonment.  *Id.* at PageID 176.

Having conducted the plea colloquy, Magistrate Judge Newman recommended that Judge Black find the guilty plea was knowing, intelligent, and voluntary (Report, Doc. No. 18, PageID 37). He provided Hensley with notice that he had seventeen days to object to the Report and that failure to object could waive rights on appeal.  *Id.* at PageID 38.  Hensley filed no objections and Judge Black adopted the Report (Order, Doc. No. 20).  Hensley also never attempted to withdraw his plea in this Court.

**Ground One:  Improper Sentence Enhancement**

In his First Ground for Relief, Hensley claims his sentence was improperly enhanced for the marijuana found with the firearms seized from him.

Hensley raised this claim on direct appeal, but the Sixth Circuit held it was barred by his waiver of appeal.  *United States v. Hensley,* Case No. 13-4215 (6th Cir. 2014)(unreported, copy at Doc. No. 42 ("His appeal waiver bars such a challenge to the district court's calculation of the advisory guideline range.")  A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid.  *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal.  *Toth*, *supra*..  The Plea Agreement in this case contains a clear waiver of appeal rights (Plea Agreement, Doc. No. 19, ¶ 8, PageID 41).

Because this claim could have been raised on direct appeal but was barred by the Sixth Circuit's enforcement of the appeal waiver, the claim itself is waived and should be dismissed with prejudice.  Furthermore, the Presentence Investigation Report fully supports the enhancement complained of.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In Ground Two Hensley complains of ineffective assistance of his attorney in pleading. However, this ground for relief as pled does not state a claim upon which relief can be granted under § 2255.

While it is correct as Hensley states that the Sixth Circuit and indeed the Supreme Court have held that ineffective assistance of trial counsel claims should be brought in a § 2255 motion instead of on direct appeal, that does not allow § 2255 petitioners to plead in very general terms as Hensley has done.  All his Motion says with respect to ineffective assistance of trial counsel is that his attorney misled him.  What did the attorney say that was misleading?  What is it that Hensley now understands that he did not understand at the time of his Plea Agreement which would have caused him not to sign it at the time?  Claims for relief under § 2255 must be based on legally relevant facts not just "feeling" that one has been misled.

In light of the very thorough plea colloquy, the failure to object to Judge Newman's Report, and the absence of any effort to withdraw the plea, Hensley's claim that he did not understand and that Mr. Flanagan misled him is not credible.

Accordingly, the Second Ground for Relief should be dismissed with prejudice.

September 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).