UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 3:13-cr-057 |
| | 3:14-cv-308 |
| vs. | |
| | Judge Timothy S. Black |
| ROBERT C. HENSLEY, JR., | Magistrate Judge Michael R. Merz |
| Defendant. | |

## ORDER:
## (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 44); (2) SUSTAINING DEFENDANT'S FIRST OBJECTION AND OVERRULING DEFENDANT'S SECOND AND THIRD OBJECTIONS (Doc. 46); AND (3) DISMISSING DEFENDANT'S MOTION TO VACATE (Doc. 43) WITH PREJUDICE

This case is before the Court on the Report and Recommendations of United States Magistrate Judge Michael R. Merz (Doc. 44) regarding Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 43). The Magistrate Judge recommends that Defendant's claims be dismissed with prejudice. (Doc. 44). Defendant timely filed his objections to the Report and Recommendations (Doc. 46) and the issue is now ripe for decision.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), when proper objections are made to the findings and recommendations of the Magistrate Judge, the Court must review the issues *de novo*.

### I.

In his motion to vacate, Defendant asserts two grounds for relief: (1) that the sentencing Court erred in applying a four-level enhancement for possession of a firearm

in connection with another felony offense *pursuant to* U.S.S.G. § 2K2.1(b)(6)(B); and (2) that Defendant received ineffective assistance of counsel. (Doc. 43 at 4, 5).

## A. Ground One: Improper Sentencing Enhancement

The Magistrate Judge recommends that Ground One be dismissed with prejudice for two reasons: (1) Defendant is effectively barred from raising the issue due to the appellate waiver in his plea agreement; and (2) the facts contained in the Presentence Investigation Report fully support the enhancement. (Doc. 44).

### *1. Objection # 1*

First, Defendant objects to the Magistrate Judge's finding that his claim in Ground One was waived by the plea agreement. (Doc. 46). The Magistrate Judge is correct that Defendant's claim was barred on direct appeal by the appellate waiver. (Docs. 42, 44). However, the plea agreement does not contain a collateral attack waiver, which would bar the claim from being raised in a motion to vacate under 28 U.S.C. § 2255. (Doc. 19). Accordingly, the Court sustains Defendant's first objection.

### *2. Objection # 2*

Second, Defendant objects to the Magistrate Judge's finding that the Presentence Investigation Report fully supports the application of the four-level sentencing enhancement. (Doc. 46). However, the Court agrees that the enhancement was fully supported and properly applied.

In addition to relying on the Presentence Investigation Report, this Court held an evidentiary hearing regarding the four-level enhancement prior to sentencing. (Doc. 26). After hearing testimony from a federal agent and arguments from both parties, the Court

2

concluded that the enhancement was applicable. (Doc. 39 at 21). Defendant's argument that the four-level enhancement should not have applied because he was not charged with an additional felony is without merit. (Doc. 43 at 4). Pursuant to U.S.S.G. § 2K2.1, Application Note 14(C), "'another felony offense' for purposes of subsection (b)(6)(B), means any federal, state, or local offense ... <u>regardless of whether a criminal charge was brought,</u> or a conviction obtained." (Emphasis added).

Accordingly, the Court overrules Defendant's second objection and adopts the Magistrate Judge's recommendation that Ground One be dismissed with prejudice.

### B. Ground Two: Ineffective Assistance of Counsel

On Ground Two, the Magistrate Judge found that Defendant failed to adequately state a claim of ineffective assistance of counsel. (Doc. 44 at 6). The Magistrate Judge noted that Defendant's claim is asserted in "very general terms" and merely states that he was "misled" by his attorney to sign documents that he did not understand. (*Id.*) However, Defendant provides no specific details regarding what his attorney did or said to mislead him. (*Id.*) Further, Defendant's plea colloquy thoroughly supports a finding that Defendant knowingly, intelligently, and voluntarily entered a valid guilty plea. (*Id.*)

#### 3. Objection # 3

Defendant objects to the Magistrate Judge's conclusion that he did not provide facts sufficient to support a claim of ineffective assistance of counsel. (Doc. 46). However, the Court concurs with the Magistrate Judge's finding. Defendant fails to provide any details in support of his allegation that his attorney misled him. (Doc. 43). Additionally, in light of Defendant's thorough plea colloquy (Doc. 16) and his failure to

3

object to the Report and Recommendation of Magistrate Judge Michael J. Newman regarding acceptance of his plea (Docs. 18, 20), Defendant's allegation lacks credibility.

Accordingly, Defendant's third objection is overruled and the Court adopts the Magistrate Judge's recommendation to dismiss Ground Two with prejudice.

## II.

Based upon the foregoing, the Court:

1. **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 44);

2. **SUSTAINS** Defendant's first objection and **OVERRULES** Defendant's second and third objections to the Magistrate Judge's Report and Recommendations (Doc. 46); and

3. **DISMISSES** Defendant's motion to vacate (Doc. 43) with prejudice.

**IT IS SO ORDERED**.

Date: 10/14/14

Timothy S. Black
United States District Judge

4